UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FIELD SMART LIGHTING CO., LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHECKOLITE INTERNATIONAL, INC., LEON BIBI, LAWRENCE BIBI, and REUBEN BIBI,**<br><br>**Defendants.** | Civ. No. 2:13-6953 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

  This is a breach of contract and fraudulent transfer case. Claiming that it is owed money by Checkolite International, Inc. ("Checkolite"), and its officers, Leon Bibi, Lawrence Bibi, and Reuben Bibi (the "Bibi Parties") (together with Checkolite "Defendants"), Plaintiff Field Smart Lighting, Inc. ("Field Smart") filed a seven count Complaint alleging, *inter alia*, breach of contract and fraudulent transfer. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint for lack of standing. Defendants also move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts IV-VII of the Complaint for failure to state a claim. Field Smart cross-moves for expedited discovery under Federal Rule of Civil Procedure 26(d)(1). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' Rule 12(b)(1) motion is **DENIED**. Defendant's Rule 12(b)(6) motion is **GRANTED IN PART**, and **DENIED IN PART**. Field Smart's cross-motion is **DENIED**.

**I. BACKGROUND**

  The Complaint alleges as follows. Field Smart is a Chinese corporation. Compl. ¶ 2, ECF No. 1. Checkolite is a New Jersey corporation. *Id.* ¶ 3. Leon Bibi is or was the Chief Executive Officer of Checkolite, Lawrence Bibi is or was the President of Checkolite, and Reuben Bibi is or was an officer, director, shareholder, or General Partner of Checkolite. *Id.* ¶¶ 6-8. From December 2012 through February 2013, Checkolite bought lighting equipment from Field Smart. *Id.* ¶ 1. Checkolite's orders totaled $351,969.44. *Id.* ¶ 10. Field Smart provided the equipment but Checkolite refused to pay. *Id.* On May 31, 2013, Field Smart and Checkolite entered into a

1

settlement agreement in which Checkolite promised to pay its full bill in a series of installments. *Id.* ¶ 23. Checkolite failed to honor the settlement agreement, claiming insolvency. *Id.* ¶ 16. Field Smart alleges that after Checkolite entered into its alleged state of insolvency, it continued to pay the Bibi Parties compensation and bonuses. *Id.* ¶ 17.

According to a certification submitted by Qian Fuming, a Field Smart officer, Field Smart has no offices or employees in New Jersey, it has never placed advertisements in New Jersey, and it has never participated in trade shows in New Jersey. Fuming Cert. ¶¶ 3-5. Fuming also represents that Checkolite emailed its orders from its New Jersey office to Field Smart, which received the emails in China. *Id.* ¶ 9. Finally, Fuming represents that Field Smart shipped Checkolite's orders to an address in Mexico. *Id.* ¶ 10.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 662 (quoting *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In reviewing a factual

attack, like the one in this case, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3rd Cir. 2000).

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

### III.   DISCUSSION

The Complaint contains seven counts. Counts I-III are directed at Checkolite only. Count I is a claim for breach of contract. Count II is a claim for unjust enrichment. Count III is a claim for quantum meruit. Counts IV-VII are directed at all of the Defendants. Count IV is a claim for violation of the uniform fraudulent transfer act. Count V is a claim for an accounting of all monies paid or other assets transferred by or on behalf of Checkolite to the Bibi Parties. Count VI is a claim for common law fraud. Count VII is a claim for civil conspiracy. Defendants move to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of standing. Defendants also move to dismiss Counts IV-VII pursuant to Rule 12(b)(6) for failure to state a claim. Field Smart cross-moves for expedited discovery.

### A.   Defendants' Motions

#### 1.   Rule 12(b)(1) Motion to Dismiss

Defendants argue that Field Smart lacks standing because Field Smart does not have a New Jersey certificate of authority. This argument fails.

N.J.S.A. 14A:13-11(1) ("Section 13-11(1)") provides: "No foreign corporation transacting business in this State without a certificate of authority shall maintain any action or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority." This statute is "applicable to foreign corporations conducting intrastate business in New Jersey, as opposed to solely interstate business which touches New Jersey." *QBI Intern. v. Princeton Gamma Tech, Inc.*, No. 84-2445, 1988 WL 78161, at *1 (D.N.J. June 27, 1988) (citing *Eli Lilly & Co. v. Sav-on-Drugs*, 366 U.S. 276, 279 (1960)).

Field Smart argues that Section 13-11(1) does not divest it of standing because Section 13-11(1) does not apply in this case. Field Smart maintains that 13-11(1) does not apply because Field Smart is not engaged in intrastate commerce in New Jersey. As evidence, Field Smart points to the Fuming Certification, which establishes that Field Smart has no offices or employees in New Jersey, that Field Smart has never placed advertisements in New Jersey, and that Field Smart has never participated in trade shows in New Jersey. Fuming Cert. ¶¶ 3-5. The Fuming Certification also establishes that

3

while the orders in this case were placed in New Jersey, they were shipped to Mexico. *Id.* ¶¶ 9-10. Rather than engage Field Smart's argument, Defendants take the position that the Fuming Certification cannot be considered on a motion to dismiss. Defendants are incorrect: because Defendants' motion to dismiss for lack of standing is properly construed as a Rule 12(b)(1) motion, the Court is free to consider documents outside of the pleadings.

Based on its consideration of the Fuming Certification, the Court finds that Field Smart has engaged only in interstate commerce—not intrastate commerce—with New Jersey. *See QBI Intern.*, 1988 WL 78161, at \*\*1-2 (finding that Section 13-11(1) does not apply where foreign plaintiff has no office or warehouse in New Jersey office, keeps no salesmen in New Jersey, and conducts only "sporadic" training sessions in New Jersey). Accordingly, N.J.S.A. 14A:13-11(1) does not apply. The Court will **DENY** Defendants' Rule 12(b)(1) motion to dismiss.

2. Rule 12(b)(6) Motion to Dismiss

Count IV is a claim for violation of the uniform fraudulent transfer act. Count V is a claim for an accounting of all monies paid or other assets transferred by or on behalf of Checkolite to the Bibi Parties. Count VI is a claim for common law fraud. Count VII is a claim for civil conspiracy. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss these four counts.

a. Counts IV and V

Count IV is a claim for violation of the uniform fraudulent transfer act ("UFTA"), N.J.S.A. 25:2-25 ("Section 2-25"). Count V is a claim for an accounting. Defendants move to dismiss Count IV, arguing that Field Smart has not pled with particularity under Rule 9(b) or with plausibility under Rule 8(a). Because Defendants apparently take the position that Count V rises and falls with Count IV, the Court's analysis will focus only on Count IV. For the reasons set forth below, the Court will deny Defendants' motion to dismiss Counts IV and V.

Section 2-25(a) provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."

To determine whether a plaintiff has pled an "actual intent to hinder or defraud," courts consider whether any "badges of fraud" are present. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707 (D.N.J. 2013). The standard badges of fraud include: "the transfer or obligation was to an insider," "the debtor was insolvent or became insolvent shortly after

4

the transfer was made or the obligation was incurred," and "before the transfer was made or obligation was incurred, the debtor was sued or threatened with suit." *Id.* Claims under Section 2-25 are subject to the heightened pleading standards of Rule 9(b).

Contrary to Defendants' argument, Field Smart has adequately pled a violation of Section 2-25. The Complaint alleges that after Checkolite failed to pay its bills to Field Smart and after Checkolite entered into a purported state of insolvency, Checkolite continued to pay the Bibi Parties, who are Checkolite insiders. Moreover, the Complaint alleges that the Bibi Defendants continued to be paid after Checkolite refused to comply with a settlement agreement. As such, the Complaint suggests that the Bibi Parties continued to take money from the company even after Checkolite was threatened with a lawsuit. For purposes of a motion to dismiss, Field Smart has alleged an "actual intent to hinder, delay, or defraud."

Defendants argue that Field Smart's claim is not plausible under *Twombly* and *Iqbal* because Field Smart has only pled "on information and belief" that the Bibi Parties continued to be paid after Checkolite became insolvent. Defendants argue that information and belief pleading "must be accompanied by statements of facts upon which the belief is founded." Given the factual allegations in the Complaint, the Court finds it plausible that Defendants violated the UFTA.

Finally, Defendants argue that Count IV is not pled with the particularity required under Rule 9(b) because Field Smart fails to plead the date, time, or amount of the alleged transfers Checkolite made to the Bibi Defendants. Because this information is inaccessible to Field Smart, it does not have to be pled under Rule 9(b). *See In re Rockefeller Center Properties, Inc. Securities Litig.*, 311 F.3d 198, 216 (3d Cir.2002). Field Smart's allegations give Defendants sufficient notice to defend this lawsuit. Accordingly, the Court will **DENY** the motion to dismiss Count IV. Since Defendants make no colorable arguments for why Count V should be dismissed, the Court will **DENY** the motion to dismiss Count V.[1]

        b.      Count VI

Count VI is a claim for fraud by omission and fraud by material misrepresentation. Count VI is not sustainable under either theory.

First, Field Smart argues that Defendants committed fraud by omitting to inform Field Smart about Checkolite's financial problems. "Unlike omission under the [New Jersey Consumer Fraud Act], a fraudulent omission under common law requires a duty to disclose. *Stockroom, Inc. v. Dydacomp Development Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013) (citing *Weintraub v. Krobatsch*, 64 N.J. 445, 455–56 (1974)). Here, Field

---

[1] Defendants argue that Count V should be dismissed because it seeks "burdensome discovery" and because Checkolite's assets were assigned to IDB Bank. The first argument has no bearing on whether Field Smart has stated a claim under Count V. The second argument relies on facts not pled in the Complaint and will be disregarded.

Smart makes no arguments that Defendants had a duty to disclose information. Accordingly, Field Smart's fraud by omission theory fails.

Second, Field Smart argues that when Checkolite entered into the settlement agreement, Checkolite misrepresented its intention to follow through on the settlement's terms. This does not state a claim for fraud. "[A] plaintiff may be permitted to proceed with tort claims sounding in fraud in the inducement so long as the underlying allegations involve misrepresentations unrelated to the performance of the contract, but rather precede the actual commencement of the agreement." *Arcand v. Bro. Intern. Corp.*, 673 F. Supp. 2d 282, 308-10 (D.N.J. 2009). Any misrepresentations that Checkolite would pay its debts were intrinsic to the settlement agreement, whose sum and substance was that Checkolite would pay its debts. Accordingly, Field Smart has not stated a claim for fraud, and the Court will **DISMISS** Count VI **WITH PREJUDICE**.

c.   Count VII

Count VII is a claim for conspiracy. Defendants argue that Count VII fails because Field Smart has not pled damages independent of breach of contract damages and because Count VII is not pled with particularity under Rule 9(b).

The elements of a claim for civil conspiracy are "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus*, 331 F.3d 406, 414 (3d Cir. 2003) (applying New Jersey law). "[A] creditor in New Jersey may bring a [civil conspiracy] claim against one who assists another in executing a fraudulent transfer." *Banco Popular North America v. Gandi*, 184 N.J. 161, 178 (2005).

To begin with, Defendants cite no authority for the proposition that Field Smart cannot pursue a civil conspiracy claim because Defendants are limited to breach of contract damages. Morever, as discussed in section III.A.2.a, Field Smart has pled with the particularity required by Rule 9(b). Accordingly, the Court will **DENY** the motion to dismiss Count VII.

**B.   Field Smart's Cross-Motion for Expedited Discovery**

Generally, Federal Rule of Civil Procedure 26(d)(1) requires parties to confer with one another in accordance with Rule 26(f) before seeking discovery. However, Rule 26(d) provides that courts can waive this requirement and order expedited discovery. The parties agree that expedited discovery is proper based on a showing of good cause or reasonableness. Field Smart argues that it is entitled to expedited discovery because (a) Defendants have failed to make good on a promise to voluntarily turn over documents, and (b) Reuben Bibi has allegedly been evading service of process. The Court is not persuaded that expedited discovery is proper here. Field Smart will not be prejudiced if it receives relevant documents in accordance with the standard discovery deadlines.

Furthermore, it appears that discovery as to Reuben Bibi's address is unnecessary since Reuben Bibi has now accepted service of process. ECF No. 13. Accordingly, the Court will **DENY** the cross-motion for expedited discovery.

### IV.   CONCLUSION

For the reasons set forth in this Opinion, the Court will **DENY** Defendants' Rule 12(b)(1) motion. The Court will **GRANT IN PART**, and **DENY IN PART** Defendants' Rule 12(b)(6) motion. Count VI is **DISMISSED WITH PREJUDICE**. Counts I-V and VII survive. Field Smart's cross motion for expedited discovery is **DENIED**. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　/s/ William J. Martini
　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 22, 2014**